IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL BOHAM,

    Plaintiff,

v.                                      Case No. 15-1085-JTM

CAROLYN W. COLVIN,
    Acting Commissioner of Social Security

    Defendant.

MEMORANDUM AND ORDER

Michael Boham applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381 *et seq.*, on September 28, 2011. He alleges that he became disabled beginning on August 14, 1996, due to post-traumatic stress disorder (PTSD), depression and back problems. The Commissioner of Social Security denied his application upon initial review on January 5, 2012 (Tr. 72, 73) and on reconsideration on July 26, 2012 (Tr. 100, 101). Boham sought review by an Administrative Law Judge (ALJ). Following a hearing on August 27, 2013, the ALJ determined in a written opinion (Tr. 9-22) that Boham was not disabled within the meaning of the Act. The decision of the Commissioner became final when the Appeals Council declined Boham's request for review on January 21, 2015. (Tr. 1-5).

Boham then filed this appeal, which argues that the ALJ erred in failing to properly consider the opinions of a social worker and a nurse practioner as to his mental limitations. For the reasons provided herein, the court finds that the Commissioner's decision was supported by substantial evidence contained in the record, and the decision of the Commissioner is affirmed.

Under the Act, the court takes as conclusive the factual findings of the Commissioner so long as these are "supported by substantial evidence." 42 U.S.C. § 405(g). The court thus looks to whether those factual findings have such support, and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence" means "more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion." *Barkley v. Astrue*, 2010 WL 3001753, *1 (D. Kan. July 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). In making this determination, the court must "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

A claimant is disabled if he or she suffers from "a physical or mental impairment" which stops the claimant "from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F.Supp.2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). This impairment "must be severe enough that she is unable to perform her

past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience." *Barkley*, 2010 WL 3001753, *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a). The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary. *Barkley*, 2010 WL 3001753, at *2.

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those impairments meets or equals a designated list of impairments. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *see also Barkley*, 2010 WL 3001753, *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments." *Barkley*, 2010 WL 3001753, *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether

3

the claimant can either perform his or her past relevant work or whether he or she can generally perform other work that exists in the national economy, respectively. *Barkley*, 2010 WL 3001753, *2 (citing *Williams*, 844 F.2d at 751). The claimant bears the burden in steps one through four to prove a disability that prevents performance of his or her past relevant work. *Lax*, 489 F.3d at 1084. The burden then shifts to the Commissioner at step five to show that, despite his or her alleged impairments, the claimant can perform other work in the national economy. *Id*.

The ALJ agreed that Boham had the severe impairments of depression, anxiety, PTSD, and substance addiction. The ALJ found that Boham's cited back impairment, and a reported history of chronic obstructive pulmonary disease, were not severe, given the lack of any medical evidence showing a more than minimal effect on his ability to work. (Tr. 15). None of Boham's impairments met the requirements for a listed impairment, and the ALJ concluded that the plaintiff still can perform a full range of work at all exertional levels, with the restriction that he should not interact with the general public and have only occasional interaction with co-workers. (Tr. 17). Given this residual functional capacity (RFC), Boham could return to his previous work as a machine operator (Tr. 20), and thus was not disabled.

Nurse Practitioner Patricia Harris (ARPN) submitted a medical source statement through plaintiff's counsel on August 27, 2013. Ms. Harris indicated that Boham suffered from bipolar disorder (Tr. 521), and had moderate limitations in daily living, social functioning, and in concentration, persistence or pace. (Tr. 522). She also wrote that his current GAF score was 50. (*Id*.)

4

During the summer of 2013, Social Worker Michael Trollman (LSCSW) completed several Progress Notes (Tr. 530-45) after family counseling sessions with Boham. Mr. Trollman also completed an Intake Assessment Note indicating that Boham has "extreme anxiety and depression problems," (Tr. 546), and completed a Psychiatric Medical Source Statement for plaintiff on August 15, 2013, indicating extreme impairment of daily living, and marked impairment of Boham's social functioning and concentration, persistence or pace. He assessed a GAF score of 46.

The court finds no error in the ALJ's decision to give little weight to the statements of Harris and Trollman. With respect to Harris, the ALJ accurately noted that her assessments were generally contrary to the medical record:

> For example, [Harris's statement] indicates diagnoses of bipolar disorder and COPD, which are not consistent with the record. This opinion also indicates a GAF score of 50, in the serious range, although all of the claimant's scores since late 2011 are in the moderate range. Furthermore, this opinion indicates "marked" limitation due to COPD, although this is outside the providers' areas of expertise and it is inconsistent with the physical medical evidence. "Marked" limitations in social functioning problems. He then reported improvement. This opinion also claims he has "marked" limitations in concentration, persistence, or pace, although all his mental status findings are in the fair to normal range. Overall, this opinion is unrelated to the medical records, including his Comcare treatment notes, and it received very little weight.

(Tr. 19-20).

Wither respect to the Trollman statement, the ALJ correctly observed that it was contrary to Mr. Trollman's own notes, which indicate that plaintiff agreed he was doing "okay," that that the plaintiff was cooperative and could express himself well, and his anxiety was focused on his relationship. Second, the conclusion was contrary to the

5

other medical records. The Medical Source Statement was entitled to little weight because it was based on only limited experience with Boham, and the Statement's extreme functional limitations were unsupported in Trollman's own treatment notes. (Tr. 20).

Neither Ms. Harris nor Mr. Trollman are acceptable medical sources, and their checklist statements are not "medical opinions," as defined the Commissioner. *See* 20 C.F.R. § 404.1527(a)(2). The ALJ was entitled to consider their statements in light of their expertise, the extent of their relationship with the plaintiff, and the degree their opinions diverged from other evidence in the record.

That record included the 2012 conclusions of state agency medical consultants Lauren Cohen (Ph.D.) and Charles Frantz (Ph.D.) that Boham had some limitations on the ability to interact with the general public, but that he could still be gainfully employed. As the ALJ found, "[t]here is no evidence suggesting difficulty with concentration, attention or other mental functions sufficient to indicate greater limitations" (Tr. 19).  The record also includes Boham's treatment records which reflect continued medication management, but no indications of

> significant symptoms. The claimant's primary complaint appears to be some difficulty sleeping, resulting in some medication adjustments. In October 2012, his medication management records indicate that he was taking his medication incorrectly, which may have influenced his sleep problems. Further reports of symptoms also appear to be related to incorrectly taking his medication.

(Tr. 19, record citations omitted). And the record includes Boham's activities of daily living, which include shopping, tending to his personal care, and preparing meals. (Tr.

270-77). Previously in her opinion, the ALJ noted that records from Comcare in 2011 indicate only moderate depression. In December, 2011, the plaintiff indicated that his reported fears of leaving the house were, at least in part, due to of a fear of meeting former associates, and "the lifestyle I used to lead, I don't know who I may see. Some people don't forget things." (Tr. 427).

As noted earlier, Boham originally indicated he became disabled in 1996. He subsequently amended his claim to state that he became disabled on November 30, 2008. As the ALJ found, however, Boham stopped working in 2008 not because of a disability, but because he went to jail for a probation violation. Rather than being prevented from work because of his impairments, Boham told an intake worker at Comcare on August 3, 2011, that he "[h]asn't been able to find a job and states he understands it's due to his criminal record and the amount of unemployed people currently." (Tr. 397). In his application for disability, Boham wrote that he had actually stopped working on June 29, 2011 – over two years after the date of his amended onset of disability, and six months after the date (December 31, 2012) he was last insured for DIB benefits. At the hearing before the ALJ on August 27, 2013, Boham testified that he was then working 20 to 25 hours per week as a dishwasher at a restaurant.

The ALJ offered valid reasons for assigning little weight to the conclusory opinions of Ms. Harris and Mr. Trollman. The court finds that the ALJ's assessment of the plaintiff's RFC was based on substantial evidence, taken in light of the record as a whole, and the plaintiff has failed to show any reversible error in the ALJ's consideration of that evidence.

IT IS THEREFORE ORDERED this 31st day of March, 2016, that the judgment of the Commissioner is affirmed.

                                                                                       s/ J. Thomas Marten  
                                                                                       J. THOMAS MARTEN, JUDGE